UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

Forty-Three Thousand
Forty Dollars ($43,040.00)
in U.S. Currency,

        Defendant *in rem*.
_____/

Civil Case No. 23-cv-11237

Honorable

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Dawn Ison, United States Attorney for the Eastern District of Michigan, and Jessica A. Nathan, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

### JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 31 U.S.C. §§ 5317(c)(2)(A) and 5332(c) resulting from violations of 31 U.S.C. §§ 5316(a) and 5332(a).

2. The Court has original jurisdiction over this proceeding

pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b), as the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The Defendant *in rem* consists of the following: Forty-Three Thousand Forty Dollars ($43,040.00) in United States Currency. Agents and/or Officers of the U.S. Customs and Border Protection ("CBP") and/or other local and federal law enforcement agencies seized the Defendant *in rem*, from Duke Nguyen ("Nguyen"), on or about January 10, 2023, at the Detroit Metropolitan Airport in Romulus, Michigan, upon the basis that it was not properly reported as required under 31 § U.S.C. 5316.

7. The Defendant *in rem* is currently in the custody of the CBP.

## STATUTORY BASIS FOR CIVIL FORFEITURE

8. Title 31, United States Code, Sections 5317(c)(2)(A), 5316(a)(1)(A), and 5332(c), governs the civil forfeiture of property involved in violations of 31 U.S.C. §§ 5313, 5316, 5324, or 5332, "or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy[.]" Under 31 U.S.C. § 5317(c)(2)(A), any property involved in a violation of § 5316 may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to § 981. Further, pursuant to 31 U.S.C. § 5332(c)(1), any property involved in a violation of 31 U.S.C. § 5332(a) may be seized and forfeited to the United States.

## FACTUAL BASIS FOR CIVIL FORFEITURE

9. Defendant currency constitutes "monetary instruments," as defined at 31 U.S.C. § 5312(a)(3) and 31 C.F.R. § 1010.100(dd).

10. Defendant *in rem* is forfeitable to the United States as property which required a report be filed at the time of its departure out of the United States with the Customs officer in charge at the port of entry. *See* 31 U.S.C. § 5316(b) and 31 C.F.R. § 1010.306(b)(1), (3).

3

11. The facts supporting the forfeiture of the Defendant *in rem* include, but are not limited to, the following:

    a. On or about January 10, 2023, at an outbound inspection, Duke Nguyen ("Nguyen") and Lynn Nghiem (collectively "Claimants"), were questioned by CBP officers regarding travel and currency. Nguyen stated they were going to Vietnam and that he and his wife were each carrying $5,000.00. CBP officers explained the currency reporting requirements, and both Claimants maintained that they were each carrying $5,000.00. Claimants were presented with CBP publications that explain the currency reporting requirements, and Claimants said they had no questions. Claimants were each given a form to declare the amount of currency that they were carrying. Nguyen wrote $5,000.00 on his form and signed. Ms. Nghiem wrote $5,000.00 on her reporting form and signed. Both Claimants were asked to present their currency.

    b. Nguyen produced multiple stacks of hundreds from his carry on, well over $10,000.00. CBP officers then conducted a

partial baggage examination and approximately $26,000.00 was counted. CBP officers then conducted a full baggage examination of Nguyen's baggage and $44,040.00 in currency was verified. Ms. Nghiem was not carrying any currency that she reported; Nguyen said he was carrying her money.

c. Humanitarian in the amount of $1,000.00 was given to Claimants. The remaining $43,040.00 in U.S. Currency was seized pursuant to 31 U.S.C. § 5317(c)(2) for failure to declare the currency.

d. Nguyen failed to report the transportation of the Defendant currency in his possession from the United States to Vietnam in violation of 31 U.S.C. § 5316(a)(1)(A) and 31 C.F.R, § 1010.340(a).

e. The CBP provided Claimants with notice of its intent to administratively forfeit the $43,040.00 that was seized from Nguyen at the airport.

f. In response to the notice, Nguyen submitted a claim to CBP and asserted that the cash that was seized from him at the airport on January 10, 2023, he held a 100% ownership

interest in, and was obtained by him and his spouse through their business located in Dothan, Alabama. In response to the notice, Ms. Ngheim also submitted a claim to CBP and asserted a 100% ownership interest in the cash seized from Nguyen. Ms. Ngheim claimed the seized cash was obtained by her and her spouse through their business located in Dothan, Alabama.

g. Claimants did not provide any supporting documentation with their sworn Claim Form.

h. The Defendant *in rem* was seized on January 10, 2023, as property involved in a violation of 31 U.S.C. § 5316(a)(1)(A).

## **CLAIM**

12. The United States hereby incorporates by reference, repeats and re-alleges, each and every allegation set forth in Paragraphs 1 through 11 above, including their subparts.

13. Nguyen failed to report the transportation of the Defendant currency in his possession departing the United States for international travel in violation of 31 U.S.C. §§ 5316(a) and 5332(a).

14. Based on the foregoing, the Defendant *in rem* is forfeitable to

the United States pursuant to 31 U.S.C. §§ 5317(c)(2) and 5332(c) because it is property involved in a violation of 31 U.S.C. §§ 5316(a)(1)(A) and 5332(a).

## **CONCLUSION AND RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) that a Warrant of Arrest for the Defendant *in rem* be issued;

(b) that notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

(c) that judgment be entered declaring that the Defendant *in rem* be condemned and forfeited to the United States for disposition according to law; and

(d) that the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                                    Respectfully submitted,

                                    DAWN N. ISON
                                    United States Attorney

                                    s/JESSICA A. NATHAN
                                    JESSICA A. NATHAN (TX 24090291)
                                    Assistant United States Attorney
                                    U.S. Attorney's Office
                                    211 W. Fort Street, Ste. 2001
                                    Detroit, MI 48226
                                    (313) 226-9643
                                    Jessica.Nathan@usdoj.gov

Dated: May 25, 2023

## VERIFICATION

I, Adam Albert, state that I am an Outbound Enforcement Inspector with the U.S. Customs and Border Protection. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement officers.

_____
Albert Adam
Outbound Enforcement Inspector
U.S. Customs and Border Protection

Dated: 05/25/2023